FILED

2014 Sep-24  PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **ERVIN HEARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 7:13-CV-1998-VEH** |
| | ) | |
| **BIBB COUNTY SHERIFF KEITH** | ) | |
| **HANNAH, in his official capacity** | ) | |
| **Defendants.** | ) | |
| | ) | |

---

## <u>MEMORANDUM OPINION</u>

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, in which the plaintiff, Ervin Heard, brings claims against the Bibb County, Alabama, Sheriff, Keith Hannah, in his official capacity, alleging violations of the Fourteenth Amendment, and under Alabama state law, in connection with the termination of the plaintiff's employment. (Doc.1). The case comes before the court on Hannah's motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss all claims for money damages due to lack of subject-matter jurisdiction, and, pursuant to Rule 12(b)(6), to dismiss all other causes of action for failure to state a claim upon which relief may be granted.  (Doc. 12). Also included in Hannah's filing is a Rule 12(f) motion to strike certain allegations of the plaintiff's pleading, as well as a demand for attorney's fees under 42 U.S.C. § 1988.

On August 28, 2014, the magistrate entered a report and recommendation and recommended:

> [T]hat Defendant Hannah's motion (Doc. 12) be **DENIED** to the extent it asks the court to strike certain allegations of the Amended Complaint pursuant to FED. R. CIV. P. 12(f), be **GRANTED** insofar as it seeks dismissal of Plaintiff's claims for damages and backpay for lack of jurisdiction under FED. R. CIV. P. 12(b)(1); be **GRANTED** insofar as seeks dismissal of all remaining claims pursuant to FED. R. CIV. P. 12(b)(6); and be **DENIED** as it relates to an award of attorney fees under 42 U.S.C. § 1988.

(Doc. 19 at 25-26) (emphasis in original).   The time for objections to the recommendation has expired and no objections have been filed by any party.

Having carefully reviewed and considered de novo all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**.  The Court **EXPRESSLY FINDS** that plaintiff's claims for damages and backpay are due to be dismissed for lack of subject matter jurisdiction, and that his remaining claims are due to be dismissed because they fail to state a claim upon which relief may be granted.[1]  The court also finds that no

---

[1] The court agrees with the magistrate's conclusion that, even if Hannah terminated the plaintiff's employment because of "rumors" that the plaintiff intended to run to replace Hannah, that does not create a First Amendment claim under section 1983.  See doc.19 at 16.  The Eleventh Circuit has been clear that a threshold requirement for any First Amendment claim is "the employee's speech." *Battle v. Bd. of Regents for Ga.,* 468 F.3d 755, 760 (11th Cir.2006). An allegation of "rumors" is not the same as an allegation that the plaintiff engaged in speech.

2

allegations in the amended complaint are due to be stricken and no attorney's fees should be awarded.

An order of dismissal will be entered.

**DONE** and **ORDERED** this 24th day of September, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge